UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mary K. Hargrow and M.L. Hargrow,

    Plaintiffs,

v.                                                                                  Case No. 11-10465

Wells Fargo Bank, N.A., *et al.*,                              Honorable Sean F. Cox

    Defendants.
_____/

## OPINION & ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS

In this action, Plaintiffs allege that Defendant Wells Fargo Bank ("Wells Fargo") failed to comply with a specific provision of Michigan's foreclosure by advertisement statute – M.C.L. § 600.3204(3). The matter is currently before the Court on Defendants' Motion to Dismiss, brought pursuant to FED. R. CIV. P. 12(b)(6). The parties have briefed the issues and the Court heard oral argument on June 2, 2011. For the reasons set forth below, the Court shall GRANT Defendants' Motion to Dismiss.

### BACKGROUND

According to the allegations in the complaint and the attachments to it, the facts alleged are as follows. In January of 2006, Plaintiffs acquired property located at 8551 Glendale Drive in Ypsilanti, Michigan ("the Property").

On August 10, 2006, Plaintiffs borrowed $164,000 from MHA Financial Services. That transaction involved loan documentation ("the Note") and a mortgage security instrument ("the Mortgage") (Compl. at ¶ 9; D.E. 1 at ¶¶ 26 & 29).

The Note identified MHA as the Lender and provided for the amount of the loan, the interest rate, and methods and requirements of repayment. (D.E. 1 at 26).

The Mortgage provided for rights of foreclosure of the Property by the mortgagee in the event of a default on the loan. (D.E. 1 at 29). The lender, though named as the lender in the Mortgage, was not designated therein as the mortgagee. Instead, the Mortgage stated that Mortgage Electronic Registration Systems, Inc. ("MERS") is "the mortgagee under this Security Instrument" and it contains a provision stating:

> "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument.

(*Id.*).

Attached to Plaintiffs' complaint is a "Notice of Assignment, Sale or Transfer of Servicing Rights" that became effective October 1, 2006, which notified Plaintiffs that "the servicing of [their] mortgage loan, that is, the right to collect payments from [them], [was] being assigned, sold or transferred from MHA" to Ohio Savings Bank. (D.E. 1 at 45).

Plaintiffs allege that Ohio Savings Bank serviced the loan until it was transferred to Wells Fargo. (Compl. at ¶ 10).

On August 17, 2009, an "Assignment of Mortgage" was drafted by MERS and that document was recorded on September 4, 2009. That Assignment of Mortgage states that MERS is assigning and transferring the Mortgage to Wells Fargo. (D.E. 1 at 46).

Plaintiffs allege that "in September 2009 the Defendants started foreclosure by advertisement proceedings with a notice of intent to foreclose from the Defendants foreclosing Attorney." (Compl. at ¶ 12). Attached to Plaintiffs' Complaint is the "Affidavit of MCL

600.3205 Notice" from Wells Fargo's counsel, which indicates that Plaintiffs were given the notice of intent to start the foreclosure proceedings, in the manner required by M.C.L. § 600.3205a(3), on September 22, 2009. (D.E. 1 at 54).

Plaintiffs allege that a sheriff's sale was held on August 26, 2010 and that Wells Fargo was the highest bidder. (Compl. at ¶ 14). A "Sheriff's Deed on Mortgage Sale" dated August 26, 2009, conveyed the Property to Wells Fargo. (D.E. 1 at 47).

Wells Fargo subsequently conveyed the Property to Defendant Federal National Mortgage Association by a quit claim deed. (Compl. at ¶ 14).

Plaintiffs filed this action on or about January 19, 2011.

## ANALYSIS

Under Michigan law, a "party may foreclose a mortgage by advertisement if all of the following circumstances exist:"

> (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.
>
> (b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.
>
> (c) The mortgage containing the power of sale has been properly recorded.
>
> (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

M.C.L. § 600.3204(1). Pursuant to M.C.L. § 600.3204(3), "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing

the mortgage."

Plaintiffs' complaint alleges that Wells Fargo may not foreclose by advertisement because it has not complied with M.C.L. § 600.3204(3).[1]

In their Motion, Defendants contend that it is undisputed that MERS assigned the Mortgage to Wells Fargo and that assignment was recorded prior to the time that Wells Fargo foreclosed by advertisement and, therefore, there was no violation of M.C.L. § 600.3204(3).

The Court agrees that Plaintiffs' complaint, challenging Wells Fargo's authority to foreclose by advertisement by virtue of not having complied with M.C.L. § 600.3204(3), must be dismissed for failure to state a claim. That subsection provides that if the party foreclosing by advertisement is not the original mortgagee, then the assignment from the original mortgagee to the party seeking to foreclose must be recorded prior to foreclosure.

Here, Plaintiffs' complaint and the attachments to it acknowledge that: 1) MERS is the original mortgagee; 2) Wells Fargo is the party that foreclosed by advertisement; and 3) the assignment of the mortgage from MERS to Wells Fargo was recorded prior to the foreclosure. Thus, Plaintiffs' complaint fails to state a claim.[2]

---

[1] At oral argument on June 2, 2011, Plaintiffs' Counsel confirmed that is Plaintiffs' only claim and that Plaintiffs do not allege that Wells Fargo failed to comply with any other subsections of M.C.L. § 600.3204.

[2] To the extent that Plaintiffs are asserting that every transfer of the *note* must also be recorded in order to comply with M.C.L. § 600.3204(3), that claim has no support in the statute. Subsection 3, by its express terms, only requires that the assignment of the mortgage from the original mortgagee to the party foreclosing the mortgage be recorded. The note and the mortgage "are two different things." *Residential Funding Co, LLC v. Saurman*, __ N.W.2d __, 2011 WL 1516819 at 4 (Mich. App. April 21, 2011). If the Legislature intended to impose a similar requirement regarding the recording of assignments of the note, it could have easily included language imposing such a requirement in the statute. *Saurman, supra,* at 6.

CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendants' Motion to Dismiss is GRANTED and Plaintiffs' complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  June 13, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 13, 2011, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager